IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SIRENIO J. OLIVAS,

    Plaintiff,

v.                                   Case No. 1:25-cv-00629-JB-LF

JOHN DOE,
GILLSON TRUCKING, INC.,
PARAMJIT SINGH D/B/A GILLSON TRUCKING,
BIKRAM SINGH D/B/A GILLSON TRUCKING,

    Defendants.

**ORDER GRANTING DEFENDANT
GILLSON TRUCKING, INC.'S MOTION TO COMPEL**

THIS MATTER is before the Court on defendant Gillson Trucking, Inc.'s ("Gillson")

Motion to Compel.  Doc. 42.  Having considered the briefings, the law, and having heard

arguments from counsel, the Court GRANTS the motion for the reasons stated at the motion

hearing held on July 23, 2026.  *See* Doc. 77.

No later than **July 30, 2026**, Plaintiff shall supplement his responses to Gillson's First Set

of Interrogatories and Requests for Productions as follows:

- Interrogatory No. 3: Plaintiff will provide a complete list of his employers over the last ten years, including where he is currently working, and will provide the reason he left each of his employers over the last ten years.

- Interrogatory No. 10: Plaintiff will identify the impairment or disabilities that prohibited him from working, the dates he claims he was unable to work, the amount he is seeking for lost earnings, and the manner in which he computed the amount.

- Interrogatory No. 12: Plaintiff will provide the date he became a Medicaid recipient and his Health Insurance Card Number for his Medicaid coverage.

- Interrogatory Nos. 19–22: Plaintiff will provide a full and complete answer to Interrogatories Nos. 19 through 22.  If any answer is incomplete, Plaintiff must explain why he cannot provide a full and complete answer along with a description of what efforts were taken to provide a full and complete answer.

- Request for Production No. 9: Plaintiff will provide the documents that support his claim for lost earning or lost earning capacity.

- Request for Production Nos. 12–17: Plaintiff will specify, identify, and produce any documents responsive to each Request for Production, Nos. 12 through 17, but may state that forthcoming deposition testimony may also be responsive.  Any attorney-client or work-product documents are excluded from the requirement for production, but Plaintiff must identify any withheld documents on a privilege log.

- Request for Production No. 21: Plaintiff will execute the releases that were sent with Defendant Gillson Trucking, Inc.'s First Set of Requests for Production.

- Request for Production Nos. 22–29: Plaintiff will provide complete responses to Request for Production Nos. 21 through 29.  If any response is incomplete, Plaintiff must explain why he cannot provide a full and complete response along with a description of what efforts were taken to provide a full and complete response.

No later than **August 7, 2026**, Plaintiff will supplement his response to Interrogatory No. 5 to identify each and every medical expense incurred by Plaintiff or others on his behalf, including any subrogation claims or medical liens, which Plaintiff claims were incurred as a result of the accident at issue in the Complaint, and the treatment resulting therefrom.

No later than **August 7, 2026**, Gillson may file a motion for reasonable expenses incurred in bringing the motion to compel.  *See* FED. R. CIV. P. 37(a)(5)(A).  Plaintiff shall have **fourteen days** after Gillson files its motion for reasonable expenses to file a response.

IT IS SO ORDERED.

_____
Laura Fashing
United States Magistrate Judge

2