IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SIRENIO J. OLIVAS,

Plaintiff,

v. Case No. 1:25-cv-00629-MLG-LF

GILLSON TRUCKING, INC.,

Defendant.

# MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on defendant Gillson Trucking, Inc.'s Motion to Compel Independent Medical Examination (Doc. 96), filed September 10, 2026. Plaintiff Sirenio J. Olivas responded in opposition on September 24, 2026. Doc. 98. Gillson replied in support of its motion on October 8, 2026. Doc. 99. Having reviewed the parties' briefing, the relevant law, and otherwise being fully advised, the Court GRANTS IN PART and DENIES IN PART Defendant's motion.

## BACKGROUND

This is a car accident case removed to this Court from New Mexico state court based on diversity jurisdiction. *See* Doc. 1. Plaintiff seeks damages for personal injuries he alleges were caused by Defendant's negligence. Doc. 28-1 at 2–6.[1] Defendant requests an order that Plaintiff appear for an independent medical examination ("IME") conducted by Christopher Taylor, M.D. Doc. 96. Plaintiff opposes the motion for the reasons discussed below. *See* Doc. 98.

[1] The Court granted Plaintiff leave to file an amended complaint on November 18, 2025. Doc. 34 (accepting Plaintiff's First Amended Complaint as filed); *see also* Doc. 28-1 (Plaintiff's First Amended Complaint).

## ANALYSIS

Federal Rule of Civil Procedure 35 provides that the Court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." FED. R. CIV. P. 35(a)(1). Such an order "may be made only on motion for good cause and on notice to all parties and the person to be examined," and the order "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." FED. R. CIV. P. 35(a)(2). The movant must therefore demonstrate both that the mental or physical condition of the party to be examined is "in controversy" and that "good cause" exists for the examination. *Armijo v. Cardinal Logistics Mgmt. Corp.*, No. 1:23-cv-00573-DHU-LF, 2025 WL 48598, at *2 (D.N.M. Jan. 8, 2025).

### I. Plaintiff's claim of damages for personal injuries in this negligence action satisfies the "in controversy" and "good cause" requirements of Rule 35.

Whether the movant satisfies the "in controversy" and "good cause" requirements is made on a case-by-case basis, and "[t]he ability of the movant to obtain the desired information by other means is also relevant" to the determination. *Schlagenhauf v. Holder*, 379 U.S. 104, 118–19 (1964). However, the Supreme Court has noted that "there are situations where the pleadings alone are sufficient to meet these requirements." *Id.* at 119. For example, "[a] plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id.* (citation omitted).

Plaintiff does not contest that his physical condition is in controversy, but he argues that good cause is lacking because Defendant is able to access Plaintiff's medical records. Doc. 98 at 3–4. While a movant's ability to obtain the requested information through alternative means is relevant, a pleading in a negligence action asserting personal injuries satisfies both the "in

controversy" and "good cause" requirements on its own. *Schlagenhauf*, 379 U.S. at 118–19. Plaintiff has brought a negligence action in which he seeks damages for personal injuries. *See* Doc. 28-1. After bringing such an action, Plaintiff "may not avoid a Rule 35 examination simply on the grounds that other sources of information . . . are available." *Hatchett v. United Parcel Serv., Inc.*, No. 2:13-cv-01183-MCA-SMV, 2014 WL 12792348, at *1 (D.N.M. June 12, 2014) (quoting *Ornelas v. S. Tire Mart, LLC*, 292 F.R.D. 388, 391 (S.D. Tex. 2013)).

**II. Plaintiff has not adequately contested Dr. Taylor's qualifications.**

Rule 35 requires the IME to be conducted "by a suitably licensed or certified examiner." FED. R. CIV. P. 35(a)(1). This language expressly authorizes courts "to assess the credentials of the examiner" and is intended to encourage courts to exercise their discretion, "especially with respect to examinations by persons having narrow qualifications." FED. R. CIV. P. 35 advisory committee's note to 1991 amendment. "While the party seeking an IME typically has the right to choose its own examiner," Plaintiff "is entitled to evidence (for example, a curriculum vitae) that the examiner is suitably licensed or certified." *Armijo*, 2025 WL 48598, at *3 (citations and quotations omitted).

Plaintiff argues that Defendant's motion should be denied because Defendant has "failed to provide any documents or evidence Dr. Taylor is a suitably licensed or certified examiner." Doc. 98 at 4. In its reply brief, Defendant notes that it disclosed Dr. Taylor as one of its expert witnesses and produced his expert report and curriculum vitae Plaintiff on July 6, 2026. Doc. 99 at 5; *see also* Doc. 99-1 (Dr. Taylor' expert report and curriculum vitae). Plaintiff is entitled to evidence of Dr. Taylor's qualifications, *see Armijo*, 2025 WL 48598, at *3, and Defendant has demonstrated that Plaintiff was in possession of such evidence at the time Defendant filed its motion. Notably, despite possessing evidence of Dr. Taylor's qualifications, Plaintiff does not

challenge that evidence nor argue that Dr. Taylor is in fact not suitably licensed or certified.

Plaintiff also implies that Dr. Taylor is an inappropriate examiner because he is Defendant's retained expert witness. *See* Doc. 98 at 1 n.1 ("The request for an examination from its retained and biased expert is anything but independent."). But the alleged bias of an examiner is not a reason to reject that examiner under Rule 35. *Armijo*, 2025 WL 48598, at *3. Plaintiff is free to address Dr. Taylor's alleged bias on cross-examination at trial. *See id.* (citing *Lopez v. Singh*, No. 1:22-cv-00036-JCH-SCY, 2023 WL 402024, at *1 (D.N.M. Jan. 25, 2023)). The Court therefore finds that Dr. Taylor is a suitably licensed and certified examiner for the purposes of Rule 35.

**III. Defendant's failure to specify the conditions and scope of the IME does not preclude the Court from ordering the examination subject to a mandate that the parties confer regarding logistics.**

Plaintiff also argues that Defendant's motion should be denied because the motion does not specify the conditions and scope of the examination. Doc. 98 at 4–5. The Court agrees that Defendant's motion is bereft of any information regarding the scope of Dr. Taylor's examination. *See* Doc. 96. The only conditions that Defendant proposes are that the IME be conducted by Dr. Taylor in Lubbock, Texas, at a time and date agreeable to the parties, and that Defendant pay the reasonable travel and accommodations required for Plaintiff to attend the IME. *Id.* at 8. Defendant argues in its reply that Dr. Taylor's expert report should have made the IME's scope apparent to Plaintiff. Doc. 99 at 6. Defendant further proposes the following conditions for the first time in its reply: that Plaintiff's counsel should be prohibited from attending the IME, that the IME may not be videotaped, and that no limitations should be imposed on what Dr. Taylor may ask Plaintiff during the IME. *Id.* at 7–8.

Plaintiff is entitled to know the specific scope of the examination sought and to a showing of the medical acceptance and safety of the particular procedures that Defendant requests. *Armijo*, 2025 WL 48598, at *3. Defendant provided no information about the scope of the proposed IME in its motion, and its reply brief's cursory reference to Dr. Taylor's expert report "is too vague to meet these standards." *Id.* And while Defendant proposed some conditions in its motion, Defendant proposes several new conditions in its reply brief.

However, these deficiencies are not sufficient grounds to deny the motion as a whole. Rule 35(a)(2) requires that the motion demonstrate good cause but specifies that only the *order* "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." FED. R. CIV. P. 35(a)(2). Accordingly, "[w]here the party seeking the IME fails to provide the requisite particulars regarding the examination listed in Rule 35(a)(2)(B), the Court may order an IME subject to a mandate that the parties confer regarding the specifics." *Armijo*, 2025 WL 48598, at *2 (quotations omitted).

Plaintiff makes no argument regarding Defendant's proposal that the IME take place in Lubbock, Texas, nor Defendant's proposal that it pay the reasonable travel and accommodation expenses required for Plaintiff to attend the IME. The Court will therefore incorporate these conditions into its order. The Court will otherwise require counsel to confer with one another regarding the time, place, manner, conditions, and scope of the proposed examination. *See id.* at *3–5. The parties should consider the following guidelines during their discussions.

**Scope**: Defendant should "note that painful examinations are disfavored absent extraordinary circumstances." *Id.* at *3 (citation modified) (quotation omitted).

**Time, date, and manner**: The IME must be conducted at a time and on a date that is not inconvenient to the party to be examined. *Id.* Plaintiff bears the burden of demonstrating with

specific evidence that the time and date proposed by Defendant pose undue burden or hardship. *Id.* The parties should note that "IMEs generally should not take longer than 3-4 hours." *Id.* (quoting *Lopez*, 2023 WL 402024, at *2).

**What Dr. Taylor may ask Plaintiff during the IME**: Doctors are "permitted to take the party's history and to ask such other questions that will enable him or her to formulate an intelligent opinion concerning the nature and extent of the party's injuries," but they "should not ask questions designed merely to obtain admissions bearing on the issue of liability." *Id.* (quotations omitted).

**Whether Plaintiff's counsel may attend the IME**: "The weight of authority under federal law, including in this district, strongly favors excluding counsel from IMEs." *Id.* (citation modified) (quoting *Vela v. Carlsbad Med. Ctr., LLC.*, No. 2:23-cv-00430-KWR-GJF, 2024 WL 1886371, at *1 (D.N.M. Apr. 30, 2024)).

**Whether the IME may be videotaped**: "The presence of recording devices during IMEs is disfavored," and "special circumstances for the request to record an IME must be shown, as fairness and medical integrity considerations underlie the determination." *Id.* (quotations omitted).

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel Independent Medical Examination (Doc. 96) is GRANTED IN PART and DENIED IN PART. The motion is granted in part in that Plaintiff is hereby ordered to submit to an IME under Federal Rule of Civil Procedure 35 by Dr. Christopher Taylor in Lubbock, Texas, at a time and date agreeable to the parties, with Defendant to pay reasonable travel and accommodations required for Plaintiff's attendance. The motion is denied in that counsel must otherwise confer regarding the scope,

manner, and condition of the proposed examination before the IME may be conducted.

If counsel are able to agree regarding these particulars, they must submit a proposed stipulated order under Rule 35 to fashingproposedtext@nmd.uscourts.gov no later than 30 days from the date this order is entered. If counsel cannot agree regarding the examination's particulars, each party must simultaneously submit competing proposed orders under Rule 35 to the same email address no later than 30 days after the entry of this order, and parties must highlight the areas of disagreement.

IT IS SO ORDERED.

Laura Fashing
United States Magistrate Judge